UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATALIE FOSTER,

        Plaintiff,

                              Civil No: 2:16-CV-12712
                              Paul D. Borman
v.                           United States District Judge

KEVIN M. OEFFNER, et. al.,

        Defendants,

_____/

**OPINION & ORDER OF SUMMARY DISMISSAL**

**I.  INTRODUCTION**

      Natalie Foster, ("Plaintiff"), confined at the Huron Valley Women's Correctional

Facility in Ypsilanti, Michigan, filed a civil rights complaint pursuant to 42 U.S.C. §

1983.  For the reasons stated below, the complaint is DISMISSED WITHOUT

PREJUDICE.

**II.  STATEMENT OF FACTS**

      Plaintiff was convicted in the Wayne County Circuit Court in 2011 of

racketeering, conspiring to commit identity theft and to the illegal use of a financial

transaction device, four counts of larceny from a building, three counts of illegally using a

financial transaction device, three counts of identity theft, and one count of conducting a

criminal enterprise.  Petitioner had previously been convicted in the Oakland County

Circuit Court in 2007 of uttering and publishing and stealing a financial transaction

device. [1]  Plaintiff claimed that the prosecutors in the Wayne County Circuit Court case brought in witnesses from her 2007 Oakland County Circuit Court case to offer prior acts testimony.  Plaintiff claims that these witnesses' trial testimony was inconsistent with their prior testimony from the Oakland County Circuit Court case.  Plaintiff claims that she filed a motion in the Oakland County Circuit Court to obtain the transcripts from her Oakland County case to facilitate her appeal.  Plaintiff was informed that the Oakland County Circuit Court had destroyed her preliminary examination transcripts prior to the expiration of the time period under Michigan law for preserving transcripts.

Plaintiff asks this Court to order the Oakland County Circuit Court to provide her with a copy of the transcripts along with a new trial without these witnesses being permitted to testify.

## III.  STANDARD OF REVIEW

Under The Prison Litigation Reform Act of 1995 (PLRA), district courts are required to screen all civil cases brought by prisoners. See *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).  If a complaint fails to pass muster under 28 U.S.C. §1915(e)(2) or § 1915A, the "district court should sua sponte dismiss the complaint." *Id.* at 612.  Pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915(e)(2)(A), a district court must *sua sponte* dismiss an *in forma pauperis* complaint before service on the defendant if

---

[1]  Plaintiff did not specify the various charges that she was convicted of in her complaint.  The Court obtained this information from the Michigan Department of Corrections' Offender Tracking Information System (OTIS), which this Court is permitted to take judicial notice of. *See Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 821, n. 3 (E.D. Mich. 2004).

satisfied that the action is frivolous or malicious, that it fails to state a claim upon which relief may be granted, or that it seeks monetary relief from a defendant or defendants who are immune from such relief. *McLittle v. O'Brien*, 974 F. Supp. 635, 636 (E.D. Mich. 1997).

## IV.  DISCUSSION

Plaintiff's complaint is subject to dismissal for several reasons.

First, as a general rule, a criminal defendant has no federal constitutional right to a transcript to prepare a post-conviction proceeding. *Rickard v. Burton,* 2 F. App'x. 469, 470 (6th Cir. 2001)(*citing to Ruark v. Gunter,* 958 F. 2d 318, 319 (10th Cir. 1992); *United States v. MacCollom,* 426 U.S. 317, 325-26 (1976) (plurality opinion).  It is unclear whether plaintiff seeks these transcripts to challenge her 2007 Oakland County conviction, her 2011 Wayne County conviction, or both, but in either case, she could only challenge these convictions by filing a post-conviction motion for relief from judgment pursuant to Mich.Ct.R. 6.500, *et. Seq.*  Plaintiff never appealed her 2007 Oakland County conviction and under the law in effect at the time of her conviction, only had one year from the time of sentence to do so. See Mich.Ct.R. 7.205(F)(3).  A defendant's criminal conviction is reviewable in accordance with Mich.Ct.R. 6.500 *et. seq.* when the time limitation for filing an application for leave to appeal has expired. *See People v. Caston*, 228 Mich. App. 291, 297-98; 579 N.W. 2d 368 (1998).  Plaintiff already filed an appeal of right with respect to her 2011 conviction, which was affirmed. *People v. Foster*, No. 309365, 2013 WL 6037146 (Mich. Ct. App. Nov. 14, 2013); *lv. den*. 495 Mich. 995, 845

N.W. 490 (2014).  Under Mich.Ct.R. 7.205(F)(2), a criminal defendant in Michigan is
limited to a single appeal by right or leave from a conviction. *See People v. Jackson,* 465
Mich. 390, 396; 633 N.W. 2d 825 (2001).  Pursuant to Mich.Ct.R. 6.501, plaintiff's sole
remedy at this point would be to file a post-conviction motion for relief from judgment. [2]
Plaintiff has no federal constitutional right to these transcripts to prepare a post-
conviction motion and thus fails to state a claim for which relief can be granted.

Secondly, plaintiff's 1983 lawsuit must be dismissed because plaintiff seeks her
trial court transcripts in order to attack her criminal conviction.  Where a state prisoner is
challenging the very fact or duration of his or her physical imprisonment and the relief
that he or she seeks is a determination that he or she is entitled to immediate release or a
speedier release from that imprisonment, his or her sole federal remedy is a petition for
writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  A plaintiff cannot
seek injunctive relief relating to his or her criminal conviction in a § 1983 action. *Nelson
v. Campbell,* 541 U.S. 637, 643 (2004).  Instead, "§ 1983 must yield to the more specific
federal habeas statute, with its attendant procedural and exhaustion requirements, where
an inmate seeks injunctive relief challenging the fact of his conviction or the duration of
his sentence." *Id.*  Moreover, to recover monetary damages for an allegedly

---

[2]  This Court obtained plaintiff's appellate court history from the Michigan Court of Appeals' website,
www.coa.courts.mi.gov/ and Westlaw's website, www.1.next.westlaw.com.  Public records and government
documents, including those available from reliable sources on the Internet, are subject to judicial notice. *See United
States ex. rel. Dingle v. BioPort Corp.,* 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003).  A federal district court is also
permitted to take judicial notice of another court's website. *See e.g. Graham v. Smith,* 292 F. Supp. 2d 153, 155, n. 2
(D. Me. 2003).

unconstitutional conviction or imprisonment, a § 1983 plaintiff must prove that the conviction or sentence was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by the issuance of a federal writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994).

Courts have held that a plaintiff cannot seek relief under Section 1983 to obtain his or her trial transcripts, where the plaintiff's basis for doing so is to facilitate an attack on his or her criminal conviction. *See Spence v. Hood,* 170 F. App'x. 928, 930 (5th Cir. 2006); *Scruggs v. Moellering*, 870 F.2d 376, 379 (7th Cir. 1989); *Boone v. Weizel,* 917 F. Supp. 518, 520 (N.D. Ohio 1996). Because plaintiff seeks her trial transcripts to attack her criminal conviction, she cannot utilize a Section 1983 claim to do so.

To the extent that plaintiff is seeking to be released from custody, her action should have been filed as a petition for a writ of habeas corpus and not a civil rights suit under § 1983. This Court, however, declines to construe plaintiff's civil rights complaint as a habeas petition because plaintiff does not allege that her claims have been exhausted with the state courts, nor does the complaint comply with Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts. *See Parker v. Phillips,* 27 F. App'x. 491, 494 (6th Cir. 2001). Moreover, any habeas petition would be subject to dismissal because plaintiff has failed to name the appropriate state official as the respondent. *See Clemons v. Mendez,* 121 F. Supp. 2d 1101, 1102 (E.D. Mich. 2000). The only proper respondent in a habeas case is the habeas petitioner's custodian, which in the case of an incarcerated habeas petitioner would be the warden of the facility where the

5

petitioner is incarcerated. *See Edwards v. Johns,* 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006); *See also* Rule 2(a), 28 foll. U.S.C. § 2254.  Finally, *Heck* clearly directs a federal district court to dismiss a civil rights complaint which raises claims that attack the validity of a conviction; it does not direct a court to construe the civil rights complaint as a habeas petition. *See Murphy v. Martin,* 343 F. Supp. 2d 603, 610 (E.D. Mich. 2004).

The Court is dismissing plaintiff's § 1983 complaint under *Heck,* thus, the dismissal will be without prejudice. *See e.g. Finley v. Densford,* 90 F. App'x. 137, 138 (6th Cir. 2004).

Finally, because plaintiff's complaint lacks any arguable basis in the law, this Court certifies that any appeal by the plaintiff would be frivolous and not undertaken in good faith. *See Alexander v. Jackson,* 440 F. Supp. 2d 682, 684 (E.D. Mich. 2006)(citing 28 U.S.C. § 1915(a)).

## V.  ORDER

IT IS HEREBY ORDERED that Plaintiff's Complaint [Docket No: 1, filed July 19, 2016] is summarily DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED AND CERTIFIED by the Court that any appeal taken by Plaintiff would not be done in good faith.

SO ORDERED.

s/Paul D. Borman                                    
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  July 29, 2016

6

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 29, 2016.

s/Deborah Tofil_____
Case Manager